**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MARILYN GAJRAJ,

Plaintiff,

v. Case No.:

VIKING CLIENT SERVICES, LLC and
ICON EQUITIES, LLC,

Defendants.
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MARILYN GAJRAJ ("Plaintiff"), by and through her undersigned counsel, seeks redress for the unlawful practices of Defendants, VIKING CLIENT SERVICES, LLC ("Viking") and ICON EQUITIES, LLC ("Icon") (collectively "Defendants"), to wit, for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and in support thereof, alleges the following:

## NATURE OF THE ACTION

### I. THE FAIR DEBT COLLECTION PRACTICES ACT

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt

collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

> (2) The false representation of--
>
> (A) the character, amount, or legal status of any debt; or
>
> […]
>
> (5) The threat to take any action that cannot legally be taken or is not intended to be taken.
>
> […]
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

5. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban, including:

> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f.

6. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also*, *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

7. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

8. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, *Jeter v. Credit*

*Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

9. In the Eleventh Circuit, "[w]hether a particular communication is false or deceptive is a question for the jury." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985)); *see also*, *Lopera v. Midland Credit Mgt., Inc.*, 8:16-CV-1448-T-33JSS, 2016 WL 6650744, at *3 (M.D. Fla. Nov. 10, 2016)("[W]hether a letter is misleading raises a question of fact. Generally speaking, 'a jury should determine whether the letter is deceptive and misleading.'")(quoting *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015)).

## II. THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

10. "The Florida Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also*

*Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

11. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> […]
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72.

12. As set forth in more detail below, Defendants' written communications to Plaintiff violate the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.
14. This Court has supplemental jurisdiction over Plaintiff's FCCPA claims pursuant to 28 U.S.C. § 1367.
15. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and/or omissions giving rise to this action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendants transact business in this State and this District.

## PARTIES

16. Plaintiff is natural person, and a citizen of the State of Florida, residing in Broward County, Florida.
17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

18. At the time of the conduct alleged herein, Viking was registered with the state of Florida as a foreign profit corporation with its principal place of business in Eden Prairie, Minnesota.

19. Subsequent to the conduct alleged herein, Viking converted from a corporation to a limited liability company through filings with the Minnesota Secretary of State and registered with the state of Florida as a foreign limited liability company.

20. Viking holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

21. Viking uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

22. Viking regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

23. Viking holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

24. Viking is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

25. At all times material, Viking was acting as a debt collector when communicating with Plaintiff.

26. At all times material hereto, Viking was a corporation subject to the FCCPA. *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

27. Icon is registered with the state of Florida as a foreign limited liability company with its principal place of business in Irvine, California.

28. Icon uses the telephone, internet and/or mails in a business the principal purpose of which

is the collection of debts.

29. Icon regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

30. Icon holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

31. Icon is a “debt collector” as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

32. At all times material, Icon was acting as a debt collector when communicating with Plaintiff.

33. At all times material hereto, Icon was a corporation subject to the FCCPA. *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

**FACTUAL ALLEGATIONS**

34. Plaintiff is alleged to have incurred a financial obligation to “Citibank, N.A.” which is now alleged to be owed by Icon (hereinafter, the “Alleged Debt”).

35. The Alleged Debt consists of amounts allegedly due for purchases made on a credit card. These purchases were made for personal, family and/or household purposes.

36. The Alleged Debt is a “debt” as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

37. Prior to March 16, 2016, Icon engaged Viking to attempt to collect the Alleged Debt from Plaintiff.

38. Upon information and belief, the engagement of Viking by Icon created a principal-agent relationship between Icon and Viking such that Icon controlled or had the right to control

Viking and Viking consented to acting on Icon's behalf.

39. On or about March 16, 2016, Defendants sent or caused to be sent a letter to Plaintiff (hereinafter, the "Collection Letter"). A true and correct copy of the Collection Letter is attached hereto as "Exhibit A."

40. The Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2) in that the Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

41. As demonstrated by its form and content, the Collection Letter is an attempt by Defendants to collect the Alleged Debt from Plaintiff.

42. The Collection Letter states that the "Account Balance" for the Alleged Debt is "$4082.91".

43. The Collection Letter does not state what portion of the "Account Balance" consists of interest, late fees and/or other non-principal amounts.

44. The Collection Letter states that "Icon Equities, LLC has authorized us to extend an offer to you to resolve your account for 60% of the current amount due."

45. The settlement offer contained in The Collection Letter represents a $1,633.16 reduction from the balance due for the Alleged Debt.

46. The Collection Letter does not state what portion of the aforementioned offer of debt reduction consists of interest, late fees and/or other non-principal amounts.

47. Upon information and belief, at least $1,033.17 of the amount of the aforementioned offer of debt reduction consists of interest, late fees and/or other non-principal amounts.

48. Upon information and belief, Defendants knew, through documents and/or information provided to one or more Defendants by the creditor(s) of the Alleged Debt and/or account

statements for the Alleged Debt, what portion of the aforementioned offer of debt reduction consisted of interest, late fees and/or other non-principal amounts at the time the Collection Letter was sent yet chose not to provide that information to Plaintiff.

49. The Collection Letter states that "Please note the following information from our client Icon Equities, LLC: The Internal Revenue Service (IRS) requires financial institutions to annually report to the IRS discharges of debt in the amount of $600 or greater. If the settlement amount that you agreed to pay results in a discharge of $600 or more of the account principal balance due on your account, the creditor may be required to report that amount to the IRS via IRS form 1099C." (hereinafter, the "IRS Reporting Language").

50. Defendants are not required by law include the IRS Reporting Language in the Collection Letter.

51. The statement in the Collection Letter that "[t]he Internal Revenue Service (IRS) requires financial institutions to annually report to the IRS discharges of debt in the amount of $600 or greater" is false and/or misleading as federal law, specifically 26 C.F.R. § 1.6050P-1, provides that the discharge of an amount of indebtedness that consists of interest and non-principal amounts in certain lending transactions, including lines of credit, is not subject to the IRS form 1099C reporting requirement. *See,* 26 U.S.C. § 6050P(a)-(b); 26 C.F.R. § 1.6050P-1(a), (d)(2)-(3).

52. The statement in the Collection Letter that "[i]f the settlement amount that you agreed to pay results in a discharge of $600 or more of the account principal balance due on your account, the creditor ***may*** be required to report that amount to the IRS via IRS form 1099C" (emphasis added) is false and/or misleading as federal law, specifically 26 U.S.C. § 6050P, <u>**does require**</u> any applicable entity discharging (in whole or part) any person's debt during

any calendar year to make a return setting forth certain information about the individual and the discharge unless the discharge is for less than $600.00 of the principal balance.

53. Upon information and belief, the settlement offer contained in the Collection Letter could not possibly create a reportable event such that Icon would be required to notify the IRS.

54. Defendants' inclusion of the IRS Reporting Language in the Collection Letter is a collection ploy designed to deceive, mislead and/or confuse Plaintiff with respect to the consequences of settling the Alleged Debt for less than the full balance.

55. Upon information and belief, at the time the Collection Letter was sent, Defendants knew, through knowledge of applicable statutes/regulations, documents and/or information provided to Defendants by the creditor(s) of the Alleged Debt, the underlying agreement creating the Alleged Debt, and/or account statements for the Alleged Debt, that Icon would not be required to notify the IRS in the event Plaintiff settled the Alleged Debt on the terms offered in the Collection Letter.

56. The Collection Letter was sent to Plaintiff in an envelope with a transparent window through which a bar code located on the upper left of the front side of the letter was visible.

57. All conditions precedent to the filing of this action have been performed or waived.

**<u>COUNT I – VIOLATION OF THE FDCPA AS TO IRS REPORTING LANGUAGE</u>**

*(against Viking and Icon)*

58. Plaintiff re-asserts and re-alleges paragraphs 1 through 55 and 57 as if fully restated herein.

59. Viking is a debt collector and attempted to collect a consumer debt from Plaintiff by and through the Collection Letter. In doing so, Viking violated the FDCPA, to wit:

   a. Sections 1692e and 1692e(10) by implying, by way of the IRS Reporting Language, that any settlement of the Alleged Debt for less than the current balance due is required by law to be reported to the IRS. *See, e.g., Kaff v. Nationwide Credit, Inc.*,

13CV5413SLTVVP, 2015 WL 12660327, at *6 (E.D.N.Y. Mar. 31, 2015)("This Court has already concluded that the disputed statement included in the collection letter sent by Nationwide to Kaff was not strictly true under all circumstances because it failed to apprise debtors that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions for interest and other non-principal debts."). This implication is material in that it would impact the least sophisticated consumer's decision making process. *Id.*

b. Sections 1692e and 1692e(10) by implying, by way of the IRS Reporting Language, that any settlement of the Alleged Debt that results is a discharge of $600 or more in principal balance is not required by law to be reported to the IRS. *Melillo v. Shendell & Associates, P.A.*, 11-62048-CIV, 2012 WL 253205, at *5 (S.D. Fla. Jan. 26, 2012)("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate"). This implication is material in that it would impact the least sophisticated consumer's decision making process.

c. Sections 1692e and 1692e(10) by including the IRS Reporting Language in the Collection Letter. The inclusion of this language is a collection ploy designed to deceive or mislead Plaintiff into thinking that the IRS would be involved in the settlement of the Alleged Debt on the terms offered. *See, e.g., Foster v. Allianceone Receivables Mgt., Inc.*, 15-CV-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016)("mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead 'a person of modest education and limited commercial savvy.' As a consumer may forego his or her rights related to

the disputed debt, by settling the matter without negotiation due to this deception, the statement in question is material."); *Velez v. Enhanced Recovery Co., LLC*, CV 16-164, 2016 WL 1730721, at *2-3 (E.D. Pa. May 2, 2016).

d. Sections 1692e and 1692e(10) by including the IRS Reporting Language in the Collection Letter. The inclusion of this language in the Collection Letter is a collection ploy designed to deceive, mislead and/or confuse Plaintiff with respect to the consequences of settling the Alleged Debt for less than the full balance. *See, e.g., Anselmi v. Shendell & Associates, P.A.*, 12-61599-CIV, 2015 WL 11121357, at *6 (S.D. Fla. Jan. 7, 2015)(holding that statements that could impede a consumer's ability to respond to collection violate the FDCPA).

e. Sections 1692e and 1692e(10) by including the IRS Reporting Language in the Collection Letter without disclosing what amount of the Alleged Debt consists of principal as opposed to interest, fees and/or other non-principal amounts. This statement and omission would impair the least sophisticated consumer's ability to respond to the Collection Letter. *See, e.g., Schendzielos v. Borenstein*, 15-CV-00564-RBJ, 2016 WL 614473, at *8 (D. Colo. Feb. 16, 2016)(recognizing that "statements and omissions" are materially misleading where they "could impair the average debtor's ability to make an intelligent decision about how to respond").

f. Sections 1692e and 1692e(10) by including the IRS Reporting Language in the Collection Letter without disclosing what amount of the reduction in the Alleged Debt represented in the settlement offer consists of principal as opposed to interest, fees and/or other non-principal amounts. This statement and omission would impair the least sophisticated consumer's ability to respond to the Collection Letter. *See,*

*e.g., Schendzielos* and *Anselmi, supra*.

g. Section 1692e(5) by threatening that Icon would notify the IRS in the event Plaintiff settled the Alleged Debt for any amount less than the full balance due and/or on the terms offered in the Collection Letter.

h. Section 1692f using unfair or unconscionable means in the Collection Letter. Specifically, the Collection Letter unfairly and/or unconscionably implied that a settlement of the Alleged Debt for less than the current amount due would have tax consequences for Plaintiff when Defendants knew that implication to be untrue. *See, e.g., Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1023 (S.D. Ohio 2007)(noting that two "hallmarks of unconscionability" are "a superior economic position and level of sophistication").

60. In light of the principal-agent relationship between Icon and Viking, Icon is vicariously liable for Viking's FDCPA violations. *See, e.g., Palmer v. Dynamic Recovery Sols., LLC*, 6:15-CV-59-ORL-40KRS, 2016 WL 2348704, at *6 (M.D. Fla. May 4, 2016)("In order to impose vicarious liability on a principal for its agent's violation of the FDCPA, the plaintiff must show (1) that the principal controls or has the right to control the agent, and (2) the agent consents to act on the principal's behalf.")(citing *Meyer v. Holley*, 537 U.S. 280, 286 (2003)).

61. As a result of the aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to fear, stress, confusion, deception, anxiety and worry, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

**COUNT II – VIOLATION OF THE FDCPA AS TO VISIBLE BAR AND QR CODE**
*(against Viking and Icon)*

62. Plaintiff re-asserts and re-alleges paragraphs 1 through 41, 56 and 57 as if fully restated herein.

63. Viking violated §1692f(8) of the FDCPA by using a symbol, other than the debt collector's address, on the envelope used to communicate with Plaintiff by mail.

64. Viking, by and through the Collection Letter, sought to collect the Alleged Debt from Plaintiff. In short, the envelope used to mail the Collection Letter displayed a barcode through the transparent window of the envelope.

65. Under the same facts as the instant case the Court in *Palmer v. Credit Collection Servs*. explicitly articulates why Viking violated the FDCPA by displaying a barcode through the transparent window of the envelope which contained the Collection Letter:

> [Section] 1692f(8) [of the FDCPA] … forbids the debt collector from "[u]sing any language or symbol" on the envelope sent to a consumer to collect a debt. The bar code, of course, is a symbol. Thus, it is undeniable that §1692f(8) forbids the appearance of the bar code through the transparent window of the envelope sent to the debtor. We must apply the statute as written unless, as our Court of Appeals directs, the result would be absurd. *See* Id. at 302-03. An oft-cited example of absurdity in this context would be to read the statute to disallow the debt collector from affixing a stamp to the envelope. *See* Id. at 303.
>
> Congress, for example, could have described or attempted to describe in §1692f(8) what specific language or symbols would or would not have been inimical to the purposes of the FDCPA. Instead, Congress decided to impose a blanket prohibition against any language or symbol on the envelope except for the return address of the debt collector and its name "if such name does not indicate that [it] is in the debt collection business." *See* §1692f(8). This approach provides certainty to debt collectors and avoids the problem of having to decide on a case by case basis what language or symbols intrude into the privacy of the debtor or otherwise constitute "an unfair or unconscionable means to collect or attempt to collect a debt." *See* §1692f. Congress wrote into the law a bright-

> line rule with respect to markings on envelopes sent to debtors and authorized the award of damages to debtors if debt collectors violate the plain language of §1692f(8).
>
> We cannot say that what Congress has done leads to an absurd result in this case. The bar code in issue is designed to apply specifically to the plaintiff and relates to the debt she allegedly owes. Contrary to the focus of the parties' arguments, it is irrelevant whether the bar code, when scanned, reveals a scrambled or unscrambled number. Again, §1692f(8) plainly forbids bar codes of any kind.

160 F. Supp. 3d 819, 822-23 (E.D. Pa. 2015).

66. The *Palmer* Court's rational was recently adopted by the Southern District of Florida in *Michael v. HOVG, LLC*, 16-CV-62651, 2017 WL 129111, at *4 (S.D. Fla. Jan. 10, 2017).

67. In light of the principal-agent relationship between Icon and Viking, Icon is vicariously liable for Viking's FDCPA violations. *See, e.g., Palmer v. Dynamic Recovery Sols., LLC*, 6:15-CV-59-ORL-40KRS, 2016 WL 2348704, at *6 (M.D. Fla. May 4, 2016)("In order to impose vicarious liability on a principal for its agent's violation of the FDCPA, the plaintiff must show (1) that the principal controls or has the right to control the agent, and (2) the agent consents to act on the principal's behalf.")(citing *Meyer v. Holley*, 537 U.S. 280, 286 (2003)).

68. As a result of the aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, stress, anxiety, frustration, worry and fear, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

**COUNT III – VIOLATION OF THE FCCPA**
*(against Viking and Icon)*

69. Plaintiff re-asserts and re-alleges paragraphs 1 through 55 and 57 as if fully restated herein.

70. Viking, by and through the Collection Letter, asserted that Icon had the legal right, pursuant

to IRS requirements, to notify the IRS in the event that $600 or more of the Alleged Debt was discharged. However, because federal law, specifically 26 C.F.R. § 1.6050P-1, provides that the discharge of an amount of indebtedness that consists of interest and non-principal amounts in certain lending transactions, including lines of credit, is not subject to the IRS form 1099C reporting requirement, Icon does not have this legal right.

71. Viking, by and through the Collection Letter, asserted that Icon had the legal right to decline to notify the IRS in the event that $600 or more of the principal balance of the Alleged Debt was discharged. However, because federal law, specifically 26 U.S.C. § 6050P, requires any applicable entity discharging (in whole or part) any person's debt during any calendar year to make a return setting forth certain information about the individual and the discharge unless the discharge is for less than $600.00 of the principal balance, Icon does not have this legal right.

72. At the time the Collection Letter was sent, Defendants knew that Icon did not have the legal rights detailed in paragraphs 69 and 70, *supra*.

73. Viking, by and through the Collection Letter, violated Section 559.72(9), Florida Statutes, by asserting the existence of a legal right with knowledge that the right does not exist.

74. In light of the principal-agent relationship between Icon and Viking, Icon is vicariously liable for Viking's FCCPA violations as said violations were committed within the course and scope of the agency. *See, e.g., Bent v. Smith, Dean & Associates, Inc.*, 3:11-CV-66-J-TEM, 2011 WL 2746847, at *3 (M.D. Fla. July 14, 2011)("Under Florida law, a principal may be held liable for the acts of its agent that are within the course and scope of the agency.")

75. As a result of the aforementioned FCCPA violations, Plaintiff has suffered actual damages,

including but not limited to fear, stress, confusion, deception, anxiety and worry, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

## DEMAND FOR JURY TRIAL

76. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendants in attempting to collect the Alleged Debt;

(b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendants in attempting to collect the Alleged Debt;

(c) An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) A declaration that Defendants' collection effort as detailed herein violate the FCCPA;

(e) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(f) Any other relief that the Court deems appropriate and just under the circumstances.

DATED: January 31, 2017

Respectfully Submitted,

/s/ *Benjamin W. Raslavich*

**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 102808
**RASLAVICH LAW, P.A.**
3225 S. MacDill Ave., Suite 129-272
Tampa, Florida 33629
Phone: 813-422-7782
Fax: 813-422-7783
E-mail: Ben@raslavichlaw.com

EXHIBIT A

SDVIKI10
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

VIKING
CLIENT SERVICES

*7500 Office Ridge Circle*
*Eden Prairie MN 55344-3678*

*800-767-7904*

March 16, 2016

**MAIL ALL CORRESPONDENCE TO:**

**VIKING CLIENT SERVICES, INC.**
PO Box 59207
Minneapolis MN 55459-0207

Marilyn Gajraj
[redacted]
Parkland FL 33076-2896

VCS Account #: [redacted]660
Account Balance: $4082.91
You may pay online at www.payvcs.com or contact us at 800-317-3543.

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

VCS Account #: [redacted]1660
Creditor: Icon Equities, LLC
Account #: XXXXXXXXXXXX9095

Original Creditor: Citibank, NA
Original Account #: XXXXXXXXXXXX9095
Account Balance: $4082.91

Icon Equities, LLC is the owner of your Citibank, NA account.

At Viking Client Services, Inc., we understand that unexpected situations may result in financial difficulties for you. Our Account Representatives will work with you to find the best possible repayment arrangement for your financial situation.

Icon Equities, LLC has authorized us to extend an offer to you to resolve your account for 60% of the current amount due. You can accept this offer by sending in a payment within 30 days from the date of this letter. If payment by this date is not possible, contact us at 800-317-3543 to discuss other settlement options which may include additional time to respond to this offer. We are not obligated to renew this offer. Should your settlement payment(s) be returned for any reason by your banking institution, this settlement offer may be considered null and void.

Upon completion of the settlement, your account will be considered settled with Viking Client Services, Inc. and we will notify our client Icon Equities, LLC.

Please note the following information from our client Icon Equities, LLC: The Internal Revenue Service (IRS) requires financial institutions to annually report to the IRS discharges of debt in the amount of $600 or greater. If the settlement amount that you agreed to pay results in a discharge of $600 or more of the account principal balance due on your account, the creditor may be required to report that amount to the IRS via IRS Form 1099C. A copy of this will be provided to you by the creditor.

Sincerely,
Greg Rowe
Viking Client Services, Inc.
800-317-3543

This is a communication from a debt collector and an attempt to collect a debt. Any information obtained will be used for that purpose.

If you wish to pay online, please go to www.payvcs.com or contact us at the number given above for more information. Please make all payments payable to "Viking Client Services, Inc.".

Have a comment on Viking Client Services? Viking has an automated comment line available 24 hours a day (800) 201-0050.

PLEASE SEE REVERSE SIDE FOR ADDITIONAL INFORMATION.

2SDVIKI10153 (6) _ 85241971

BBB ACCREDITED BUSINESS

MEMBER ACA INTERNATIONAL The Association of Credit and Collection Professionals

CALIFORNIA RESIDENTS:
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov

COLORADO RESIDENTS:
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Local address: 3605 Mead Street, Fort Collins, CO 80526-5313. Local phone (970) 226-1386.

IDAHO RESIDENTS:
Our normal business hours are 8AM to 5PM CT, Monday through Friday.

MAINE RESIDENTS:
Our normal business hours are 8AM to 5PM CT, Monday through Friday.

MARYLAND RESIDENTS:
Our normal business hours are 8AM to 5PM CT, Monday through Friday.

MASSACHUSETTS RESIDENTS:
Our normal business hours are 8AM to 5PM CT, Monday through Friday. NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

MINNESOTA RESIDENTS:
This collection agency is licensed by the Minnesota Department of Commerce.

NEW YORK:
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive and unfair debt collection efforts, including but not limited to:

- (i) the use or threat of violence;
- (ii) the use of obscene or profane language; and
- (iii) repeated phone calls made with the intent to annoy, abuse or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income (SSI); 2. Social Security; 3. Public assistance (welfare); 4. Spousal Support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

New York City Department of Consumer Affairs License Number - #0987255

NORTH CAROLINA RESIDENTS:
North Carolina Department of Insurance Permit #3406.

TENNESSEE RESIDENTS:
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville TN 37243.

PLEASE NOTE: THIS LIST DOES NOT INCLUDE A COMPLETE LIST OF RIGHTS CONSUMERS MAY HAVE UNDER STATE OR FEDERAL LAWS OR REGULATIONS.